UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION AT LEXINGTON**

NORTH AMERICAN SPECIALTY        )
INSURANCE COMPANY,              )
                                )
     Plaintiff,                )   Civil Action No. 5:08cv486-JMH
                                )
v.                              )   (consolidated with 5:09cv49)
                                )
JOHN PAUL PUCEK, et al.,        )
                                )   **MEMORANDUM OPINION AND ORDER**
     Defendants.               )
                                )

**               **      **      **     **      **

This matter is before the Court on Defendants' Motion to Dismiss [Record No. 8] pursuant to Fed. R. Civ. P. 12(b)(7) for failure to join a party under Fed. R. Civ. P. 19.  Plaintiff responded [Record No. 9] and Defendants replied [Record No. 14]. Plaintiff was also given permission to file a surreply [Record No. 17].  This matter is now ripe for review.

**BACKGROUND**

On November 24, 2008, North American Specialty Insurance Company ("NAS") filed this Declaratory Judgment action, 5:08cv486, against Defendants John Paul Pucek, David Fogg, Brett Setzer, and Robert Edwards ("Owners") pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201 for the purpose of determining Owners' claim to coverage and benefits under an insurance policy issued by NAS.  On January 12, 2009, Pucek, Fogg, Setzer, and Edwards filed a Complaint against NAS and Kirk Horse Insurance, LLC ("KHI"), in Fayette Circuit Court.  In their state court action against NAS and

KHI, which stems from the same set of operative facts and the same policy of insurance as in 5:08cv486, Owners allege that both NAS and KHI breached the contract of insurance and acted in bad faith. Additionally, Owners allege that KHI interfered with their contractual relations with NAS, violated the Kentucky Insurance Code regarding licensing compliance, and misrepresented itself with regard to the licensing statutes.

On February 12, 2009, with the consent of KHI, NAS removed the state court action to this Court. The removed action was docketed as Lexington Civil Action 5:09cv49. NAS concedes in the Notice of Removal [5:09cv49, Record No. 1] that KHI is not diverse from Owners, as all are Kentucky residents. NAS argues, however, that KHI should be disregarded for the purpose of determining diversity jurisdiction, as there are no colorable claims against KHI, as it was fraudulently joined as a defendant in the state court action simply to destroy diversity. Because the action originally filed in this Court, 5:08cv486, and the action removed from state court, 5:09cv49, arise from the same policy of insurance, the matters were consolidated by Order dated April 22, 2009.

The policy at issue (the "Policy") provided mortality coverage for a thoroughbred horse, "Off Duty," which was owned by Owners. The Policy contained an exclusion which provided that "coverage does not apply to mortality caused by or resulting from intentional destruction except for humane destruction or when ordered by the

2

Captain for the safety of an aircraft, its passengers or crew."
[Record No. 1, Ex. 1 at 3]. The Policy went on to define humane
destruction as:

> the intentional slaughter of a horse:
>
> a. when the horse suffers an injury or is afflicted with
> an excessively painful disease and a veterinarian
> appointed by our Managing Underwriter certifies in
> writing that the horse is incurable and in constant pain,
> or presents a hazard to itself or its handlers; or
>
> b. when the horse suffers an injury and your appointed
> veterinarian certifies in writing that the horse is
> incurable and in extreme pain, and that immediate
> destruction is imperative for these reasons without
> waiting for the appointment of a veterinarian by our
> Managing Underwriter.

[Record No. 1, Ex, 1 at 9].

It is undisputed that the application and declarations page of
the Policy identified KHI as the managing underwriter and producer
for NAS with regard to the Policy. [Record No. 8 at 4; Record No.
9 at 3; Record No. 9, Ex. B].  Although the Policy of insurance was
clearly between Owners and NAS, Owners argue that KHI is a
necessary and indispensable party to this action because it was
acting as an unlicensed agent for NAS and shared part or all of the
risk on the Policy.

On October 19, 2008, during the effective dates of the Policy,
Off Duty sustained fractures in his left foreleg.  Over the course
of the next few days, Off Duty was examined by several
veterinarians who opined regarding the possibility of surgically
repairing Off Duty's fractures versus the alternative of humane

destruction.   After considering the veterinary opinions and personally observing Off Duty's condition, Defendants advised KHI of their desire to humanely destroy Off Duty.   Convinced that humane destruction was the proper course of action, the Owners elected to have Off Duty euthanized at Rood & Riddle's equine hospital on October 24, 2008.[1]  Finding that the Owners failed to satisfy the conditions for coverage, NAS denied Owners' claim for benefits under the Policy, and filed the Declaratory Judgment action seeking a declaration in support of its denial of benefits.

In the instant Motion to Dismiss, Owners argue that the Court must dismiss the Declaratory Judgment action for failure to join KHI, a necessary and indispensable party.   Alternatively, Owners urge that the Court should not exercise its discretion to render a declaratory judgment on the issue of coverage under the Policy.

## ANALYSIS

Owners contend that KHI acted as an unlicensed agent of NAS and stands to share all or part of the risk on the Policy, leading to a conclusion that KHI is a necessary and indispensable party under Fed. R. Civ. P. 19.   For the reasons that follow, the Court finds that KHI is not a necessary party.

---

[1]

While relevant to the ultimate question of whether NAS properly denied coverage under the Policy, the reports and opinions of the examining and consulting veterinarians are not pertinent to the instant motion.   Accordingly, the Court finds it unnecessary to address same at this time.

4

The first step in determining whether joinder is proper under Fed. R. Civ. P. 19 requires the Court to "determine whether the person or entity is a necessary party under Rule 19(a)." *Glancy v. Taubman Centers, Inc.,* 373 F.3d 656 (6th Cir. 2004).  Fed. R. Civ. P. 19 provides:

> **(a) Persons Required to Be Joined if Feasible.**
>    **(1) Required Party.**  A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>       **(A)** in that person's absence, the court cannot accord complete relief among existing parties; or
>       **(B)** that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>          **(i)** as a practical matter impair or impede the person's ability to protect the interest; or
>          **(ii)** leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

KHI is not a necessary party under Fed. R. Civ. P. 19(a)(1)(A).  At its very core, the instant dispute is one of contract interpretation – a contract of insurance between NAS and Owners.  In support of their contention that KHI, not NAS, is the real party in interest, Owners produced a letter from Ron Kirk, the majority shareholder in both KHI and Pivotal Insurance Company, Ltd., the reinsurer of NAS, to Owner John Paul Pucek, in which Ron Kirk discloses his interests in KHI and Pivotal Insurance Company, Ltd. [Record No. 14, Ex. A].  The letter is nothing more than a

disclosure statement, not evidence that NAS is a sham corporation and that KHI is the real property in interest, as Owners contend. Despite Owners' somewhat nebulous contention that KHI is the real party in interest, privity of contract exists only between NAS and Owners, and complete relief can be accorded between those existing parties. Similarly, KHI is not a necessary party under Fed. R. Civ. P. 19(a)(1)(B), as it does not claim an interest in this action seeking a declaration coverage under the Policy between NAS and Owners.

Owners argue that because they may have valid claims against KHI individually, that KHI is indispensable in this action. The Sixth Circuit rejected this argument in *Soberay Machine & Equipment Co. v. MRF Limited, Inc.*, 181 F.3d 759 (6th Cir. 1999), finding that whether an agent is a necessary and indispensable party under Rule 19 is to be determined on a case by case basis. *Id.* at 765. This Court finds instructive the case of *Behrens v. Donnelly*, 236 F.R.D. 509 (D. Hawaii 2006), which held that the agent representing a home buyer was not a necessary party to an action for breach of contract and fraud by the home seller against the home buyer. Citing *Soberay,* the *Behrens* court emphasized that whether an agent is a necessary party should be resolved on a case by case basis. Having considered the facts of the instant case, the Court finds that complete relief can be had as between NAS and Owners, and KHI is not a necessary party to this declaratory judgment action.

6

## CONCLUSION

Accordingly, and for the foregoing reasons, **IT IS ORDERED:**

That Owners' Motion to Dismiss [Record No. 8] shall be, and the same hereby is, **DENIED.**

This the 30th day of September, 2009.



Signed By:

**_Joseph M. Hood_**

**Senior U.S. District Judge**

7